Na'Shaun L. Neal (SBN 284280)
Peter L. Carr, IV (pro hace vice pending)
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:   (310) 400-5890
Facsimile:    (310) 400-5895
pcarr@thePCllawgroup.com
nneal@thePLClawgroup.com
Attorneys for Plaintiff Caroline Hoese

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco/Oakland Division

| | |
|---|---|
| Caroline G. Hoese;<br><br>　　Plaintiff,<br><br>　　vs.<br><br>City of Menlo Park, Officer Joshua Adams Venzon, Officer Jeffery Kenneth Vasquez, Sergeant Timothy Brackett, and DOES 1-10<br><br>　　Defendants. | Case Number: 3:18-cv-4499<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL<br><br>1. Unreasonable Search and Seizure- Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure- Excessive Force (42 U.S.C. § 1983)<br>3. Denial of Equal Protection based on Sex and Sexual Orientation<br>4. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C § 1983) |

　　This lawsuit challenges the police misconduct in the City of Menlo Park that arise in the backyard of Facebook's main campus.  The complaint is just a sampling of police misconduct against the citizens of this neighborhood.  Plaintiff Caroline G. Hoese complains of Defendants City Of Menlo Park, a public entity, Officer Joshua Adams Venzon, individually and in his official capacity, Officer Jeffery Kenneth Vasquez, individually and in his official capacity, Sergeant Timothy Brackett, individually and in his official capacity, and DOES 1-10 inclusive, as follows:

COMPLAINT　　　　　　　　　　　1　　　　　　　　　CASE NO.: 3:18-cv-4499

# JURISIDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution.

2. The venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

# PARTIES

3. At all relevant times herein, Caroline G. Hoese (hereinafter referred to as "PLAINTIFF") is an individual who, at all times complained of in this action, resided in the State of California.

4. Defendant City Of Menlo Park ("City") is a municipal entity located in the State of California and within the territorial jurisdiction of this Court. At all times material herein, City of Menlo Park Police Department ("MPPD") is a department of the Defendant City, which was responsible for the hiring, retention, training and supervision of the conduct, policies and practices of its employees and agents of the MPPD and all of its members, agents and employees.

5. At all relevant times herein, Officer Joshua Adam Venzon was an officer of the MPPD and is directly responsible for Plaintiff's damages. Officer Venzon is sued in his individual and official capacity on all claims.

6. At all relevant times herein, Sergeant Timothy Brackett was an officer of the MPPD and is directly responsible for Plaintiff's damages. Sergeant Brackett is sued in his individual and official capacity on all claims.

7. At All Relevant Times Herein, Officer Jeffery Vasquez was an officer of the MPPD and is directly responsible for Plaintiff's damages. Officer Vasquez is sued in his individual and official capacity on all claims.

8. Plaintiff is informed, believes and based thereon alleges, that at all times material herein, Defendants DOES 1 through 10, inclusive, were each duly appointed deputies employed as such by Defendant City in the MPPD, and at the time of the acts hereinafter complained of, each said Defendant acted in the course and scope of such employment and under color of law. They are sued in their individual capacity.

9. The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiff, who therefore sue said Defendants by such fictitious names; upon ascertaining the true name of a DOE defendant, Plaintiff will amend this complaint, or seek leave to do so, by substitution same for a said fictitious name. Plaintiff is informed and believes, and based thereon alleges, that each DOE defendant herein is in some manner responsible for the injuries and damages complained of herein.

10. At all times material herein, each Defendant acted as an employee, agent, representative and officer of every other Defendant herein, and acted within the course and scope of such employment and agency.

## FACTS COMMON TO ALL CLAIMS

11. On June 20, 2017, around 9:20 p.m., Plaintiff and Aderis Williams were leaving a Starbucks in the shopping center at 1401 Willow Road, Menlo Park, California 94025. As Mr. Williams drove out of the parking lot, he entered Hamilton Avenue and traveled toward Carlton Avenue. While Mr. Williams was driving, Plaintiff observed Defendant Officer Venzon in a MPPD patrol car entering the parking lot. Officer Venzon starred at Plaintiff.

12. As Mr. Williams drove home, which is approximately a quarter of mile away from the Starbucks. Plaintiff saw Officer Venzon pull into a parking spot in the Starbucks Shopping Center. While Plaintiff and Mr. Williams were two houses away from their destination, she saw the Officer's patrol vehicle again. Officer Venzon was approximately more than half a block away. As Mr. Williams pulled into the driveway of his home on Carlton Avenue in Menlo Park. Officer Venzon turned on his patrol

vehicle's police lights and speed down Carlton Avenue. While Plaintiff and Mr. Williams were sitting in front of his home, Officer Venzon approached their vehicle.

13. When Officer Venzon walked up to vehicle, he flashed his flashlight in their faces and requested Mr. Williams' driver's license. In response to the request, Plaintiff and Mr. Williams inquired into his purpose of requesting Mr. Williams' driver's license.

14. Officer Venzon responded by he accusing Mr. Williams of driving 40 miles per hour down the street. Officer Venzon falsely asserted that he paced Mr. Williams. In response to the false allegations, Mr. Williams and Plaintiff replied, they saw him in the Starbucks parking lot and that they were near their destination, when Officer Venzon entered Carolton Avenue. Mr. Williams and Plaintiff told Officer Venzon that it was not possible for him to pace them because he was so far away from them.

15. Officer Venzon told Mr. Williams to keep his hands on the steering wheel. Officer Venzon, then asked for Plaintiff's name. Plaintiff responded, "Why?" Officer Venzon ignored her question and kept asking for her name. While Plaintiff was sitting lawful in the passenger seat of the vehicle, she recorded the incident. Then, Officer Venzon turned his flashlight toward Plaintiff to block her from recording the incident.

16. Officer Venzon then placed his hand on his gun making Plaintiff uncomfortable. While continuing to ask for Plaintiff's name, Mr. Williams said, "Carole, stop talking." In response to that information, Officer Venzon learned Carole's name.

17. Once the supervising officer, Sergeant Brackett, arrived, Officer Venzon without warning, pulled Mr. Williams out of his car. Officer Venzon reached into the car, forcibly opened the door and began to twist Mr. Williams's arm without any legal justification. Mr. Williams did not make any furtive movements. Mr. Williams complied with the officer's orders prior to being forcibly pulled out the car.

18. Once Officer Venzon removed Mr. Williams out of the car, he slammed Mr. Williams against the car. Officer Venzon had no legal justification to use any force against Mr. Williams. After slamming Mr. Williams against the car, Officer Venzon

COMPLAINT 4 CASE NO.: 3:18-cv-4499

threw Mr. Williams on the ground. Then, Mr. Williams screamed for help. Mr. Williams said, "Stop hurting me," and "I can't breathe." Mr. Williams also informed the officer that suffered from high blood pressure. Despite his cries for help, Officer Venzon continued to apply physical force without any justification.

19. While Officer Venzon, without any legal justification, used physical force against Mr. Williams, Sergeant Brackett walked to the passenger door and asked Plaintiff for her name. Plaintiff asked Sergeant Brackett for him to help Mr. Williams and her. In response to her request for help, he requested her name. Sergeant Brackett complied with his request and provided her name.

20. Then, Sergeant Brackett requested her to exit the car and stand off to the side. Plaintiff complied. Officer Hackett then walked over toward Mr. Williams.

21. Once Sergeant Brackett arrived to the area where Mr. Williams was being beat up. Officer Venzon starred at Plaintiff. Without warning, Officer Venzon lunged at Plaintiff and grabbed her wrist. At no time did Officer Venzon have a legal justification to grab her wrist.

22. Officer Venzon started to pull Plaintiff to the ground. Plaintiff was extremely scared because she was following Sergeant Brackett's order. Officer Venzon then handcuffed Plaintiff without any legal justification. Officer Venzon dragged her across the grass and placed his knee in her back. At no time, prior or during the application of force, Officer Venzon did not issue any commands or warnings.

23. After arresting Plaintiff, Officer Venzon searched her vehicle. Officer Venzon did not have a lawful justification to search the car.

24. As the commotion proceeded, Mr. Williams' mother came outside of the house. Mr. Williams' mother asked, "What's going on?" In response to her inquiry, Officer Venzon began yelling at her and speaking in an aggressive and disrespectful tone. Mr. Williams' mother requested to speak with a supervisor, and Sergeant Brackett discussed the incident.

25. While the unlawful use of force was being used against Mr. Williams and Plaintiff, Sergeant Brackett did nothing to stop Officer Venzon. Officer Hackett was the supervising officer and should prevented the unlawful use force against Plaintiff and Mr. Williams.

26. After Plaintiff and Mr. Williams were arrested without any legal justification, they were taken to police station. During Plaintiff's transportation to the station, Officer Jeffery Vasquez, he made sexual advances toward Plaintiff. Officer Vasquez asked Plaintiff if she was single. Officer Vasquez also asked if she had a boyfriend. Officer Vasquez also told Plaintiff that she did not look I have even been in a police car before. Officer Vasquez continued to flirt with her while being transported to the police station.

**FIRST CAUSE OF ACTION**

Unreasonable Search and Seizure –Detention and Arrest

(42 U.S.C. § 1983)

(Plaintiff against all Defendant Officers)

27. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

28. This cause of action arises under Title 42 of the United States Code, Section 1983, wherein Plaintiff seeks to redress deprivation of her rights secured under the Fourth Amendment of the United States Constitution.

29. As a result of the above described intentional acts and omissions of the Defendants Officers Venzon, Hackett, and Vasquez (collectively referred as "Defendant Officers") collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

a. After being questioned by Officer Venzon, Plaintiff was unreasonably detained for an investigatory stop without a warrant, reasonable suspicion, or probable cause;

b. Plaintiff was subjected to unwarranted sexual advances by Officer Vasquez during her transportation to the MPPD station;

c. A long duration of time that lapsed between Plaintiff's arrest and release from custody of MPPD, an unreasonable amount of time for an arrest that occurred without a warrant, reasonable suspicion, or probable cause.

30. As a result of the heretofore described conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest by defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

32. As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the wrongful search, detention, and arrest, or because they failed to intervene to prevent these violations.

33. Plaintiff was detained without reasonable suspicion or probable cause. At the time of her initial detention and subsequent arrest by Defendants, Plaintiff was simply in a parked car, and had committed no crime.

34. As a direct and proximate result of defendants' actions, Plaintiff was placed in substantial and prolonged fear for her safety, her liberty was restricted for an extended period of time, she was subjected to handcuffs and other physical restraints, as well as to humiliating and degrading and overly intrusive verbal sexual advances. Plaintiff was substantially physically, mentally and emotionally injured, and he incurred medical and psychological costs/bills and expenses, attorney's fees and lost

profits/wages and other special and general damages and expenses; all in an amount to be proven at trial.

35. Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks attorney's fees and cost under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

Unreasonable Search and Seizure –Excessive Force

(42 U.S.C. § 1983)

(Plaintiff against all Defendant Officers)

36. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

37. As a result of the above described intentional acts and omissions of the Defendants Officers Venzon, Hackett, and Vasquez (collectively referred as "Defendant Officers") collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when Defendants used unreasonable force by

- Placing Plaintiff into a wrist-lock without legal justification
- Dragging Plaintiff on the ground without legal justification
- Handcuffing without legal justification

38. As a result of Defendant Officers' conduct, Plaintiff suffered physical and emotional injuries including but not limited to scrapes, bruises, and pain in her wrists and hands, pain in her neck and shoulder, severe fear, ongoing trauma and extreme emotional distress.

39. Plaintiff was not armed, did not commit a crime, posed no risk to Defendant officers or others in the community and did not actively resist at any point during interaction.

40. At the time of the initial use of force, and during the use of force, Plaintiff did not verbally threaten or attempt to punch, kick or grab Defendant officers or any other person. Moreover, Defendant officers were in absolute control over the situation with three officers present.

41. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

42. As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the wrongful search, detention, and arrest, or because they failed to intervene to prevent these violations. Plaintiff suffered severe pain and suffering as a result of their conduct. Plaintiff also suffered extreme mental anguish and pain and has been injured in mind and body.

43. Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks attorney's fees and cost under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

Denial of Equal Protection in Violation of Section 1983 and the Fourteenth Amendment

Based on Sex and Sexual Orientation

(42 U.S.C. § 1983)

(Plaintiff against all Defendant Vasquez)

44. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

45. The conduct of Defendant Vasquez as described above was motivated by animus against Plaintiff on the basis of sex and sexual orientation.

46. As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

47. Defendant is each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks attorney's fees and cost under this claim pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

Municipal Liability for Unconstitutional Custom or Policy

(42 U.S.C. § 1983)

(PLAINTIFF against Defendant City of Menlo Park)

48. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

49. Defendant City of Menlo Park, in its capacity as final policymaker, is alleged to have either ratified Defendants officers' actions, and/or acted with deliberate indifference to Defendant Officers' violations of Plaintiff's constitutional rights by failing to reprimand or sanction Defendant officers for their unlawful conduct.

50. Additionally, Defendant City of Menlo Park and DOES 1–10, inclusive, are alleged to have:

a. Maintained a policy, custom, and pattern, permitting the occurrence of the types of wrongs described herein;

b. Promulgated, through their official policymakers, a policy that permitted and caused the occurrence of the wrongs described herein;

c. Acted recklessly in the hiring, training, and supervision of their patrol officers; especially after finding Defendant Vasquez committed sexual misconduct while on duty prior to incident described in this complaint.

d. Acted recklessly or with deliberate indifference in training their officers with regard to proper Fourth Amendment standards for reasonable suspicion, probable cause for arrest, use of force and incident reporting.

51. Plaintiff is informed and believes and thereon alleges that City of Menlo Park condoned, encouraged, fostered and/or ratified the unlawful conduct of the

Defendant officers towards Plaintiff. Plaintiff is further informed and believes and thereon alleges that despite Defendant City's knowledge of this incident and of the propensities of Menlo Park Police Department to violate the constitutional rights of citizens, and did not seriously investigate or discipline the unlawful conduct alleged herein.

## PRAYER

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C. § 1983;
5. For reasonable costs of this suit incurred herein;
6. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: July 24, 2018  **PLC LAW GROUP, APC**

 /s/ *Na'Shaun L. Neal*
Peter L. Carr, IV
Na'Shaun L. Neal
Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: June 20, 2018                                 **PLC LAW GROUP, APC**

                                                     /s/ *Na'Shaun L. Neal*
                                                     Peter L. Carr, IV
                                                     Na'Shaun L. Neal
                                                     Attorneys for Plaintiff